989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Plaintiff-Appellant,
v.
Phyllis TRENT, Defendant-Appellee.
 No. 92-5565.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1993.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Plaintiff-appellant United States appeals the sentencing credit given by the district judge to defendant-appellant Phyllis Trent for time Trent spent on bond. We reverse the district court because the district court did not have jurisdiction to give Trent sentencing credit for this time.
 
 I.
 
 2
 Defendant Trent and Vada Webb were arrested by police on December 4, 1987, for trafficking in marijuana and were lodged in the Carter County, Kentucky jail. Trent was released from the jail that same day after posting an appearance bond. On December 9, 1987, the two were indicted by a federal grand jury on charges of conspiracy, possession with intent to distribute marijuana, and using and carrying a firearm during a drug trafficking crime. They were arrested on January 21, 1988. That day, Trent appeared before a magistrate for an appearance and was released on a $5000 surety appearance bond. Trent remained on bond pending trial.
 
 
 3
 On May 23, 1988, a jury found Trent and Webb guilty of possession with intent to distribute marijuana and of the firearm offense. The court revoked Trent's bond and remanded her to custody. On August 2, 1988, Trent was sentenced under the Sentencing Guidelines to 30 months on the drug charge, and a consecutive 60 months for the firearm charge. After an appeal, this Court affirmed both Webb's and Trent's convictions.
 
 
 4
 On January 10, 1992, Trent filed a pro se document in district court entitled, "Motion Under Title 18, Section 3568 to be Granted Credit for Time on Bond as 'In Custody' Time," seeking credit for time spent on bond from December 4, 1987, to May 23, 1988. The last page of the motion contained a certificate of service stating that a copy had been served on the United States Attorney, but it did not state the name of the U.S. Attorney, the address of the U.S. Attorney or the date of mailing. The United States contends that it did not receive a copy of the motion.
 
 
 5
 On January 31, 1992, the district court granted Trent's motion under 18 U.S.C. § 3568[1] and ordered that the 170 days spent on bond be deemed "in custody" time and credited against her federal sentence. The United States received a copy of the order on February 5, 1992. The United States then requested a copy of the motion and claims that it received it for the first time on February 7, 1992. On February 12, 1992, the government filed a motion for reconsideration and a motion for leave to file an untimely response to the original motion for credit, along with the response that it would file if given leave to do so. On March 25, 1992, the trial court denied both the motion for leave to file an untimely response and the motion for reconsideration. The government now appeals the granting of the sentence credit.
 
 II.
 
 6
 Because we find that the district court lacked jurisdiction to give Trent this sentencing credit, we reverse the district court.
 
 
 7
 The district court stated in its order granting the sentencing credit that Trent's co-defendant Webb had been granted sentencing credit after she filed an identical motion for credit. The court also noted that the government's motion for reconsideration was not filed within the time limits set by Local Rule 6(b)(1)(A). It concluded: "The motion for reconsideration might have merit, but the arguments contained therein are made out of time and will not now be considered by the Court. It would be unconscionable to take away the credit that has already been granted to the defendant." In a footnote, the district court, responding to the government's claim that it did not receive the motion until after the order was issued, stated: "Defendant, however, has certified that she served a copy of her motion on the United States Attorney. The Court finds the excuse of the United States all too convenient."
 
 
 8
 We find that the district court lacked jurisdiction to grant defendant Trent this credit under the applicable statute, 18 U.S.C. § 3585(b), which replaced 18 U.S.C. § 3568 prior to the date of Trent's offense. That statute states:
 
 
 9
 (b) Credit for prior custody--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 10
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 11
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed
 
 
 12
 that has not been credited against another sentence.
 
 
 13
 18 U.S.C. § 3585(b). In United States v. Wilson, 112 S.Ct. 1351 (1992), the Supreme Court held that although this statute contrasts with its predecessor 18 U.S.C. § 3568 in that it does not specify that the Attorney General is to give the credit, in fact it is the Attorney General and not the district court who has the authority to award credit by administering the sentence through the Bureau of Prisons. Id. at 1354-55. In United States v. Westmoreland, 974 F.2d 736 (6th Cir.1992), petition for cert. filed, Dec. 1, 1992, a panel of this Court held that under Wilson, a district court cannot award credit at sentencing. Id. at 737. Instead, after the defendant is committed to the custody of the Bureau of Prisons, the Attorney General must compute the credit, and the defendant must exhaust his administrative remedies. Only then may a defendant seek judicial review of the determination. Prior to that, the district court would not be deciding an actual case or controversy. Id.
 
 
 14
 Therefore, in this case, the district court had no authority to grant defendant Trent credit for time on bond. Only the Attorney General could compute the credit in administering the sentence. Because the Attorney General had not yet computed the credit, the district court had no jurisdiction to review that determination.
 
 
 15
 Defendant Trent argues that it is irrelevant that the Attorney General is the one who is to compute credit under section 3585(b) because the government in effect consented to the sentencing credit when it failed to oppose Trent's motion for credit. Trent relies on Local Rule 6(b)(2)(A) for the Eastern and Western Districts of Kentucky, which states:
 
 
 16
 (2) Criminal Actions.
 
 
 17
 (A) Opposing Memorandum. An opposing memorandum in a criminal action must be filed within eleven (11) days from the date of service of the motion. Failure to file opposing memorandum may be grounds for granting the motion.
 
 
 18
 Although this local rule does permit a district court to grant an unopposed motion, the local rule cannot overcome the fact that the district court did not have jurisdiction over the matter in the first place. Even if we accepted Trent's view that the problems with the service of the motion on the U.S. Attorney[2] are irrelevant in light of the local rule's language permitting the granting of unopposed motions, the district court never had jurisdiction to follow the local rule in this matter and grant the motion for sentencing credit. Because a local rule cannot confer jurisdiction on the court, we find defendant Trent's argument unavailing.
 
 
 19
 Finally, Trent's argument that the government's failure to oppose the motion is the equivalent of consent by the Attorney General is also without merit. Even if the consent argument had any validity, consent of the Attorney General to the granting of credit against a sentence does not confer upon the court the jurisdiction to order that credit.
 
 III.
 
 20
 For these reasons, we reverse the district court's granting of sentencing credit to defendant Trent and remand with orders that the district court dismiss the motion for sentencing credit since that court was without jurisdiction to give such credit.
 
 
 
 [1]
 Section 3568 was repealed effective November 1, 1986. It was replaced by 18 U.S.C. § 3585(b)
 
 
 [2]
 Here, the government's affidavit accompanying the motion for leave to file the motion swears that the government did not receive Trent's motion for credit. Trent's certificate of service is a pre-printed form that merely states:
 This is to certify that a true and exact copy of the foregoing has been served upon the United States Attorney ____________________ by ordinary U.S. Postal Service, postage pre-paid.
 It is followed by Trent's signature. The certificate does not state the name of the United States Attorney, an address to which the motion was mailed or a date of the mailing. The certificate implicitly violates Fed.R.Crim.P. 49 and Fed.R.Civ.P. 5(b), because there is no indication on the certificate that the motion was mailed to a specific attorney for the government or that it was mailed to the attorney's last known address. In addition, the certificate directly violates Local Rule 7(f) because although it states the manner of service--ordinary mail--it does not cite a date of the mailing. At a minimum, the certificate must list the attorney's name, address and the date of mailing.